PER CURIAM.
In a three count information the appellant was charged, in the first count, with assault with intent to commit first degree murder. The second count charged carrying a concealed firearm, a felony in the third degree under § 790.01(2) Fla.Stat., F.S.A. In the third count the defendant was charged with unlawful possession of a habit-forming drug, a misdemeanor under § 500.151 Fla.Stat., F.S.A. Upon trial thereon he was convicted of the lesser included offense of assault with intent to commit murder in the second degree, under the first count, and of the offenses charged under the second and third counts. On the first of those offenses he was sentenced to imprisonment for twenty years, with credit for eighty-six days jail time served. For the offense of carrying a concealed firearm the defendant was sentenced to imprisonment for five years, to begin at the expiration of the sentence imposed under the first count. On the misdemeanor the defendant was sentenced to serve eighty-six days in the county jail, to run concurrently with the sentence imposed on the first count, and with credit given for eighty-six days jail time served prior to conviction.
On this appeal by the defendant from the judgment we do not consider appellant’s contentions with reference to the judgment relating to the misdemeanor offense involved in the third count of the information, as appellate jurisdiction thereof is in the circuit court. Fla.Const., Art. V, Section 6(3), F.S.A.
The brief of the appellant makes no attack upon the conviction under the first count, on which the defendant was found and adjudged guilty of the lesser included offense of assault with intent to commit second degree murder.
Appellant contends the trial court committed error in denying his motion for ac *770 quittal at the close of the evidence as to the offense charged in the second count. In support thereof appellant argues that the evidence was insufficient to establish the element of concealment of the firearm, in that it failed to show that the firearm was “carried on or about a person in such a manner as to conceal said firearm from the ordinary sight of another person.” On consideration of the record we hold the contention is without merit. No useful purpose would be served by quoting or reciting in detail the evidence as it appears in the record with respect to this point.
The judgment is affirmed as it relates to the convictions under the first and second counts of the information.
By a separate order this appeal is being transferred to the circuit court of the Eleventh Judicial Circuit for appellate review of the misdemeanor conviction under count three of the information.
It is so ordered.